■ MARYANNE B. STARK, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [639 NYS2d 57] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated November 30, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of Pan American World Airways

(hereinafter Pan Am), was injured when she fell on an allegedly deteriorated sidewalk near the front entrance of Hangar 17 at John F. Kennedy Airport. At the time of the accident, Pan Am leased the hangar and the surrounding premises from the defendant. The lease agreement provided that Pan Am had exclusive possession and control of the premises and was responsible for maintenance and repairs. The defendant retained the right to enter the premises and to make repairs at Pan Am's expense in the event Pan Am failed to fulfill its obligations.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" *(Dalzell v McDonald's Corp., 220 AD2d 638; see, Putnam v Stout, 38 NY2d 607).* Reservation of the right to enter the premises for the purpose of inspection and repair may constitute sufficient retention of control to permit a finding that the landlord had constructive notice of a defective condition provided a specific statutory violation exists and there is a significant structural or design defect *(see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559; Velazquez v Tyler Graphics, 214 AD2d 489; Gantz v Kurz, 203 AD2d 240; Manning v New York Tel. Co., 157 AD2d 264).*

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint since the defendant was not obligated under the lease to repair the sidewalk and there was no evidence that it retained a sufficient degree of control over the premises to provide a basis for liability *(see, O'Gorman v Gold Shield Sec. & Investigation, 221 AD2d 325; Love v Port Auth., 168 AD2d 222).* The plaintiff failed to offer evidence of a significant structural defect or of any specific statutory violations.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.