■ DONNA REIDY et al., Appellants, v BURGER KING CORPORATION et al., Respondents, et al., Defendant. (And Third-Party Actions.) [673 NYS2d 441] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated May 13, 1997, which granted the respective motions of the defendants Burger King Corporation, Corporate Property Investors, and Pembrook Management, Inc., and the defendant Burns International Security Systems, a division of BPS Security Guard Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as granted the motion of the defendant Burns International Security Systems, a division of BPS Security Guard Services, Inc., is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents Burger King Corporation, Corporate Property Investors, and Pembrook Management, Inc. are awarded one bill of costs.

The plaintiff Donna Reidy sustained personal injuries when she was, *inter alia*, assaulted in the ladies' room of a Burger King restaurant in Roosevelt Field Mall. The mall is owned by the defendant Corporate Property Investors (hereinafter CPI) and managed by the defendant Pembrook Management, Inc. (hereinafter Pembrook). The assailant was apprehended and, after the plaintiff brought suit against Burger King Corporation (hereinafter Burger King), the latter commenced a third-party action against the assailant.

The Supreme Court properly granted Burger King's motion for summary judgment on the ground that the plaintiffs failed to establish that it had notice of prior criminal activity so as to make the present crime foreseeable (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507). The plaintiffs' proof of prior criminal activity in the Burger King restaurant was patently insufficient to raise a triable issue of fact (*see, Rozhik v 1600 Ocean Parkway Assocs.*, 208 AD2d 913; *cf., Jacqueline S. v City of New York*, 81 NY2d 288).

The Supreme Court also properly dismissed the complaint insofar as asserted against the CPI and Pembrook. It is well settled that an out-of-possession lessor is not liable for injuries that occur on the premises unless the lessor has retained control or is contractually obligated to repair unsafe conditions (*see, Wright v Feinblum*, 220 AD2d 660; *Dufficy v Wharf Bar & Grill*, 217 AD2d 646; *Pirillo v Long Is. R. R.*, 208 AD2d 818; *Suarez v Skateland Presents Laces*, 187 AD2d 500). In the present case, the record reveals that CPI and Pembrook relinquished control over the premises and, therefore, there is no basis to impose liability upon them (*see, Ahmad v Getty Petroleum Corp.*, 217 AD2d 600, 601-602). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.