■ PEGGY ECKERS, Appellant, v IRVING I. SUEDE et al., Defendants and Third-Party Plaintiffs-Respondents. H & R BLOCK EASTERN TAX SERVICES, INC., Third-Party Defendant-Respondent. [743 NYS2d 129] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 23, 2001, as granted that branch of the motion of the defendants third-party plaintiffs, in which the third-party defendant joined, which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.*, 220 AD2d 638, 639; *see Putnam v Stout*, 38 NY2d 607). Mere reservation of a right to enter the premises for the purpose of inspection and repair is insufficient to charge the owner or lessor with liability for a subsequently arising dangerous condition unless the defect violates a specific statutory provision and there is a significant structural or design defect (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681; *Aprea v Carol Mgt. Corp.*, 190 AD2d 838).

Here, the lease between the plaintiff's employer, the third-party defendant H & R Block Eastern Tax Services, Inc. (hereinafter H & R Block), and the owners of the premises, the defendants third-party plaintiffs Irving Suede and Marilyn Suede, provided that H & R Block was responsible, at its own expense, for making repairs. The plaintiff failed to raise a triable issue of fact in opposition to the Suedes' prima facie showing of entitlement to summary judgment. While the Suedes retained a general right of reentry, the plaintiff failed to submit evidence that the floor condition over which she tripped constituted a significant structural defect which violated a statutory duty to repair (*see Stark v Port Auth. of N.Y. & N.J., supra; Aprea v Carol Mgt. Corp., supra; Lafleur v Power Test Realty*

*Co.,* 159 AD2d 691; *see generally Guzman v Haven Plaza Hous. Dev. Fund Co., supra).*

Furthermore, since there was no evidence that the Suedes had notice of the plaintiff's accident before they permitted the subsequent tenant to replace the flooring in the premises, the plaintiff's contention that the Suedes engaged in spoliation of the evidence is without merit *(see Abenante v Star Gas Corp.,* 278 AD2d 438; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564). Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.