■ David Dominguez, Respondent, v Food City Markets, Inc., Respondent, and West 95 Housing Corp., Appellant. [756 NYS2d 637] —In an action to recover damages for personal injuries, the defendant West 95 Housing Corp. appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated September 14, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against the defendant Food City Markets, Inc. Justice Crane has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant West 95 Housing Corp., and the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of attorney's fees, expenses, costs, and disbursements on the cross claim for contractual indemnification against the defendant Food City Markets, Inc.

The plaintiff was injured while repairing a conveyor belt at a

grocery store (hereinafter the premises) when an employee of the defendant Food City Markets, Inc. (hereinafter Food City) turned on the switch of the conveyer belt. The premises were owned by the defendant West 95 Housing Corp. (hereinafter West 95) and operated and leased by Food City.

Food City was responsible for maintenance of the premises and its fixtures and appurtenances under the terms of the lease. In a rider to the lease, Food City also agreed to indemnify West 95 against personal injury claims, and to include West 95 as an additional insured on its liability coverage policy. The rider to the lease also provided, inter alia, that West 95 retained the right to enter the premises upon express request to Food City.

West 95 moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against Food City. The Supreme Court denied the motion.

An out-of-possession landlord is not liable for personal injuries sustained on the premises unless the landlord retains control of the property or is contractually obligated to perform maintenance and repairs (see Gallo v Apollon City Corp., 278 AD2d 363 [2000]). The reservation of the right to enter the premises for inspection and repair may constitute sufficient control to permit a finding that the landlord had constructive notice of the defective condition provided that there is evidence of a significant structural design defect in violation of a specific statutory provision (see Fucile v Grand Union Co., 270 AD2d 227 [2000]; Stark v Port Auth. of N.Y. & N.J., 224 AD2d 681 [1996]).

Here, West 95 did not install the conveyor belt or assume any contractual responsibility to maintain and repair it. However, assuming the accident was caused by some defect in the conveyer belt, Food City was contractually obligated under the terms of the lease to maintain and repair the premises and its fixtures and appurtenances. In addition, the right of West 95 to enter the premises was conditioned on the express request to Food City. Further, Food City did not offer any evidence establishing the existence of any structural design defect in violation of a specific statutory provision. As such, West 95 is not liable for the injuries sustained at the premises (see Fucile v Grand Union Co., supra). Accordingly, West 95 is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as it demonstrated its prima facie entitlement to such relief, and the opposition was

insufficient to defeat the motion (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In addition, pursuant to the indemnification clause in the rider to the lease, West 95 is entitled to summary judgment on its cross claim against Food City for contractual indemnification, which includes attorney's fees, expenses, costs, and disbursements (*see Pope v Supreme-K.R.W. Constr. Corp.,* 261 AD2d 523 [1999]). Therefore, the matter is remitted to the Supreme Court, Queens County, for a determination of attorney's fees, expenses, costs and disbursements. S. Miller, J.P., Friedmann, Crane and Cozier, JJ., concur.