■ JOHN THOMPSON, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, et al., Defendants. (And a Third-Party Action.) [761 NYS2d 75] —In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 22, 2002, which granted the motion of the defendant Port Authority of New York and New Jersey for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was employed as a baggage handler for the third-party defendant Continental Airlines (hereinafter Continental) in the area of Baggage Carousel A at LaGuardia Airport. While the plaintiff was loading baggage onto the carousel, he stepped into a portion of the carousel that was missing a metal plate. His left leg became caught in the carousel while it was still moving, resulting in the amputation of his leg below the knee. The accident occurred within the area that the defendant Port Authority of New York and New Jersey (hereinafter Port Authority) leased to Continental, which was responsible for maintenance and repair of the subject carousel under the terms of the lease.

An out-of-possession owner or lessor is not liable for personal injuries sustained on the premises unless the owner or lessor retains control of the property or is contractually obligated to

repair or maintain the premises (*see Putnam v Stout*, 38 NY2d 607 [1976]; *Stark v Port Auth of N.Y. & N.J.*, 224 AD2d 681 [1996]; *Dalzell v McDonald's Corp.*, 220 AD2d 638 [1995]). The reservation of the right to enter the premises for inspection and repair may constitute sufficient control to permit a finding that the owner or lessor had constructive notice of a defective condition provided a specific statutory violation exists and there is a significant structural or design defect (*see Stark v Port Auth of N.Y. & N.J., supra*).

Here, the Port Authority did not exercise control over the subject carousel or assume any contractual responsibility to maintain and repair it. Rather, Continental was contractually obligated under the terms of the lease to repair and maintain the subject carousel. Although the Port Authority had the right to enter the premises for inspection and repair, the plaintiff failed to offer any evidence establishing the existence of any structural design defect in violation of a specific statutory provision. As such, the Supreme Court properly granted the Port Authority's motion for summary judgment dismissing the complaint insofar as asserted against it since it was not obligated under the lease to repair the baggage carousel, and there was no evidence that it retained a sufficient degree of control over the premises to provide a basis for liability (*see D'Orlando v Port Auth. of N.Y. & N.J.*, 250 AD2d 805 [1998]; *Stark v Port Auth. of N.Y. & N.J., supra*; *Love v Port Auth. of N.Y. & N.J.*, 168 AD2d 222 [1990]). Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.