JAMES INGARGIOLA, Respondent, v WAHEGURU MANAGEMENT, INC., et al., Respondent, and E. ANTHONY MAZZELLA, JR., Appellant. [774 NYS2d 557]—

In an action to recover damages for personal injuries, the defendant E. Anthony Mazzella, Jr., appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated March 12, 2003, as, in effect, denied those branches of his motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and for summary judgment on his cross claim for contractual indemnification against the defendant Waheguru Management, Inc., individually and doing business as Mike's Full Service Car Wash and Detail Center.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, those branches of the motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant and for summary judgment on the appellant's cross claim for contractual indemnification against the defendant Waheguru Management, Inc., individually and doing business as Mike's Full Service Car Wash and Detail Center are granted, the

complaint and all cross claims are dismissed insofar as asserted against the appellant, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of attorney's fees, expenses, costs, and disbursements to be awarded on the cross claim for contractual indemnification against the defendant Waheguru Management, Inc., individually and doing business as Mike's Full Service Car Wash and Detail Center.

On March 19, 2000, the plaintiff was injured, allegedly due to the defendants' negligence, while at a car wash located at premises owned by the defendant E. Anthony Mazzella, Jr. The premises were leased to a nonparty, M & G Car Wash, Inc., which subsequently assigned the lease to the defendant Waheguru Management, Inc. (hereinafter Waheguru). Waheguru was responsible for the maintenance and repair of the premises under the terms of the lease and had agreed to indemnify and hold Mazzella harmless against personal injury claims arising out of its negligence. In a rider to the lease, Waheguru also agreed to include Mazzella as an additional insured on its general liability coverage policy. The lease further provided, inter alia, that Mazzella retained the right to enter the premises during normal business hours. Mazzella moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and for summary judgment on his cross claim against Waheguru for contractual indemnification. The Supreme Court denied the motion.

"An out-of-possession landlord is not liable for personal injuries sustained on the premises unless the landlord retains control of the property or is contractually obligated to perform maintenance and repairs" (*Dominguez v Food City Mkts.*, 303 AD2d 618, 619 [2003]; *Reidy v Burger King Corp.*, 250 AD2d 747, 748 [1998]). On the present set of facts, Mazzella relinquished control over the property, and was not obligated under the terms of the lease to maintain and repair the premises (*see Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681 [1996]; *Reidy v Burger King, Corp.*, *supra* at 748).

"Although reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession landlord for injuries caused by a dangerous condition which constitutes a violation of a duty imposed by statute, this exception applies only where 'a specific statutory violation exists and there is a significant structural or design defect' " (*Nunez v Bleyer & Co.*, 304 AD2d 734 [2003], quoting *Fucile v Grand Union Co.*, 270 AD2d 227 [2000]). However, the plaintiff did not allege either a violation of a specific statutory safety provision or the existence of a significant structural or design

defect (see *Thompson v Port Auth. of N.Y. & N.J.,* 305 AD2d 581, 582 [2003]; *Nunez v Bleyer & Co., supra* at 734; *Stark v Port Auth. of N.Y. & N.J., supra* at 682).

Moreover, Mazzella was free to contract with his tenant, M & G Car Wash, Inc., to maintain and repair the premises and to allocate the risk of liability to third parties by the procurement of liability insurance for their mutual benefit (see *Morel v City of New York,* 192 AD2d 428, 429 [1993]; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568 [1991]). Waheguru expressly assumed those obligations upon execution of the assignment.

Accordingly, Mazzella was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him as he demonstrated his prima facie entitlement to such relief, and the opposition was insufficient to establish a triable issue of fact warranting a denial of the motion (see *generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In addition, pursuant to the indemnification clause in the lease, Mazzella was entitled to summary judgment on his cross claim against the assignee, Waheguru, for contractual indemnification, which includes attorney's fees, expenses, costs, and disbursements. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of the amount of attorney's fees, expenses, costs and disbursements to be awarded (see *Dominguez v Food City Mkts., supra* at 620). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.