LINDA KNIPFING et al., Appellants, v V&J, INC., et al., Respondents. [779 NYS2d 244]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated September 4, 2003, which granted the defendants' motion for summary judgment dismissing the complaint and denied as academic their cross motion to direct the defendants to implead a third party.

Ordered that the order is affirmed, with costs.

The plaintiff Linda Knipfing allegedly sustained injuries when she fell while dancing at premises owned by V&J, Inc., and leased to M.J.M. Restaurant Corp. (hereinafter M.J.M.). She and her husband subsequently commenced this action against V&J, Inc., and V&J, Inc., doing business as Landmark II Café (hereinafter collectively V&J), alleging that her fall was caused by a sticky substance on the dance floor.

An out-of-possession landlord is not liable for injuries occur-

ring on the premises unless it has retained control of the premises or is contractually obligated to perform maintenance and repairs (*see Ingargiola v Waheguru Mgt.*, 5 AD3d 732 [2004]; *Thompson v Port Auth. of N.Y. & N.J.*, 305 AD2d 581 [2003]; *Eckers v Suede*, 294 AD2d 533 [2002]). Reservation of a right of entry for inspection and repair may constitute sufficient retention of control to impose liability for injuries caused by a dangerous condition, but only where the condition violates a specific statutory provision and there is a significant structural or design defect (*see Ingargiola v Waheguru Mgt., supra; Nunez v Alfred Bleyer & Co.*, 304 AD2d 734 [2003]; *Eckers v Suede, supra*).

Here, V&J did not retain control over the premises. Under the terms of the lease, M.J.M. was responsible for maintenance and repairs. While V&J had the right to enter for purposes of inspection and repair, the plaintiffs submitted no evidence of any statutory violation or structural or design defect. The plaintiffs failed to raise a triable issue of fact in opposition to V&J's prima facie showing of its entitlement to summary judgment. Consequently, the Supreme Court properly granted V&J's motion for summary judgment dismissing the complaint and denied as academic the plaintiffs' cross motion to direct V&J to implead M.J.M. (*see Ingargiola v Waheguru Mgt., supra; Thompson v Port Auth. of N.Y. & N.J., supra; Nunez v Alfred Bleyer & Co., supra*).

The plaintiffs' contention that V&J should be estopped from denying liability is without merit.

In light of the foregoing, it is unnecessary to address the parties' remaining contentions. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.