JENNIFER SANGIORGIO, Appellant, et al., Plaintiff, v ACE TOWING AND RECOVERY et al., Defendants, and EDSAL MACHINE PRODUCTS, INC., Respondent. [787 NYS2d 51]—

In an action to recover damages for personal injuries, etc., the plaintiff Jennifer Sangiorgio appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 30, 2003, as granted that branch of the motion of the defendant Edsal Machine Products, Inc., which was for summary judgment dismissing the complaint insofar as asserted by her against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

An out-of-possession landlord is not liable for injuries that occur on the premises after the transfer of possession and control to a tenant unless the landlord (1) is contractually obligated to

repair the premises, or (2) has reserved the right to enter the premises to make repairs, and liability is based on a significant structural or design defect that violates a specific statutory safety provision (*see Ingargiola v Waheguru Mgt.*, 5 AD3d 732 [2004]; *Nunez v Alfred Bleyer & Co.*, 304 AD2d 734 [2003]; *Dominguez v Food City Mkts.*, 303 AD2d 618, 619 [2003]; *Fucile v Grand Union Co.*, 270 AD2d 227 [2000]; *Reidy v Burger King Corp.*, 250 AD2d 747, 748 [1998]; *Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1996]).

The landlord, the defendant Edsal Machine Products, Inc. (hereinafter the defendant), established its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted by the appellant against it by demonstrating that it relinquished control of the leased premises and that it was not obligated under the terms of the lease to maintain or repair the leased premises. Furthermore, although the defendant reserved the right to enter the leased premises to make repairs, the plaintiffs failed to demonstrate that the explosion of the flammable 55-gallon drum constituted a significant structural or design defect which violated a specific statutory safety provision (*see Thompson v Port Auth. of N.Y. & N.J.*, 305 AD2d 581, 582 [2003]; *Nunez v Alfred Bleyer & Co., supra; Fucile v Grand Union Co., supra; Eckers v Suede*, 294 AD2d 533 [2002]; *Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681 [1996]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant against it.

To the extent that the appellant's brief purports to also raise issues on behalf of the plaintiff Dominic Sangiorgio, we note that no notice of appeal was filed on his behalf (*see* CPLR 5511; *Scopelliti v Town of New Castle*, 92 NY2d 944 [1998]; *Geoghegan v Peninsula Hosp. Ctr.*, 309 AD2d 834 [2003]). Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.