■ Jean Lowe-Barrett et al., Respondents, v City of New York et al., Defendants, and 1833 Nostrand Avenue Corporation, Appellant. [815 NYS2d 630]—

In an action to recover damages for personal injuries, etc., the defendant 1833 Nostrand Avenue Corporation appeals, as

limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

"[A]n out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.*, 220 AD2d 638, 639 [1995]; *see Sangiorgio v Ace Towing & Recovery*, 13 AD3d 433, 433-434 [2004]; *Ingargiola v Waheguru Mgt.*, 5 AD3d 732, 733 [2004]; *Thompson v Port Auth. of N.Y. & N.J.*, 305 AD2d 581 [2003]). Reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession owner or lessor for injuries caused by a dangerous condition, but only when "a specific statutory violation exists and there is a significant structural or design defect" (*Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681, 682 [1996]; *see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566 [1987]; *Sangiorgio v Ace Towing & Recovery, supra; Ingargiola v Waheguru Mgt., supra; Thompson v Port Auth. of N.Y. & N.J., supra*).

The defendant 1833 Nostrand Avenue Corporation (hereinafter the appellant) established its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it by demonstrating that it relinquished control of the leased premises and that it was not obligated under the terms of the lease to maintain or repair the leased premises (*see Sangiorgio v Ace Towing & Recovery, supra* at 434; *Ingargiola v Waheguru Mgt., supra* at 733; *Thompson v Port Auth. of N.Y. & N.J., supra* at 582; *Ribacoff v City of Mount Vernon*, 251 AD2d 482, 483 [1998]).

To defeat summary judgment, the plaintiffs had to raise a triable issue of fact not only as to whether the appellant retained a right to enter the premises but also whether the alleged defect constituted a significant structural or design defect which violated a specific statutory safety provision (*see Sangiorgio v Ace Towing & Recovery, supra; Ingargiola v Waheguru Mgt., supra; Thompson v Port Auth. of N.Y. & N.J., supra; Stark v Port Auth. of N.Y. & N.J., supra*). As the plaintiff alleged neither

a violation by the appellant of any statutory provision nor the existence of a significant structural or design defect, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Once it was established that the out-of-possession landlord had relinquished control over the premises and, thus, had no duty to maintain or repair the premises, the question of notice was rendered academic (*see Pulka v Edelman,* 40 NY2d 781, 782 [1976]; *Bernstein v Starrett City,* 303 AD2d 530, 531 [2003]). Adams, J.P., Ritter, Goldstein and Covello, JJ., concur.