■ THEODORE COULURIS, Respondent, v HARBOR BOAT REALTY, INC., Appellant, et al., Defendant. [820 NYS2d 282]—

In an action to recover damages for personal injuries, the defendant Harbor Boat Realty, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered September 6, 2005, as denied that branch of its motion, made jointly with the defendant George Harbor Restaurant Corp., doing business as Royal Oak Diner, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Harbor Boat Realty, Inc., is granted, and the complaint is dismissed in its entirety.

The plaintiff, an employee of the defendant George Harbor Restaurant Corp., doing business as Royal Oak Diner (hereinafter the diner), slipped on broken floor tiles in the diner's kitchen and caught his foot in a drain pipe that was missing a cover. The appellant is an out-of-possession landlord who retained the right to enter the premises for repairs and inspections.

"An out-of-possession landlord is not liable for injuries sustained on the premises unless the landlord retains control of the premises or is contractually obligated to perform maintenance and repairs" (Seney v Kee Assoc., 15 AD3d 383, 384 [2005]). "Although reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession landlord for injuries caused by a dangerous condition which constitutes a violation of a duty imposed by statute, this exception applies only where 'a specific statutory violation exists and there is a significant structural or design defect' " (Nunez v Alfred Bleyer & Co., 304 AD2d 734, 734

[2003], quoting *Fucile v Grand Union Co.*, 270 AD2d 227, 227 [2000]).

The appellant established its prima facie entitlement to summary judgment by demonstrating that it relinquished control of the leased premises and that it was not obligated under the terms of the lease to maintain or repair the premises (*see Sangiorgio v Ace Towing & Recovery*, 13 AD3d 433, 434 [2004]). In opposition, the plaintiff failed to demonstrate that the appellant violated a specific statutory provision (*see Belotserkovskaya v Café "Natalie"* 300 AD2d 521, 522 [2002]), or that the broken floor tiles and missing drain pipe cover were structural defects (*see Kilimnik v Mirage Rest.*, 223 AD2d 530, 531 [1996]). Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.