■ EILEEN MARY GAVALLAS et al., Appellants, v HEALTH INSURANCE PLAN OF GREATER NEW YORK, Respondent. [829 NYS2d 131]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 29, 2005, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff arrived at her workplace on a rainy day, and, upon entering the building, which her employer leased from the defendant, slipped and fell on water and mud that apparently had been tracked into the building from outside. The injured plaintiff and her husband commenced this action, alleging that the defendant negligently allowed the water and mud to accumulate, and failed to place mats on the floor at the location of the accident.

An out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance and repairs (*see Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686 [2006]; *Ingargiola v Waheguru Mgt.*, 5 AD3d 732, 733 [2004]; *Thompson v Port Auth. of N.Y. & N.J.*, 305 AD2d 581 [2003]). A landlord's limited right of reentry does not give rise to liability, unless there exists a significant structural or design defect which violates a specific statutory provision (*see Lowe-Barrett v City of New York*, 28 AD3d 721, 722 [2006]; *Seney v Kee Assoc.*, 15 AD3d 383, 384 [2005]; *Sangiorgio v Ace Towing & Recovery*, 13 AD3d 433 [2004]).

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it had relinquished control of the building to the injured plaintiff's employer, and that it was not responsible under the terms of the lease for placing mats near the entrances or mopping up water that was tracked into the building (*see Couluris v Harbor Boat Realty, supra; Ingargiola v Waheguru Mgt., supra* at 733; *Thompson v Port Auth. of N.Y. & N.J., supra* at 582; *Vijayan v Bally's Total Fitness,* 289 AD2d 224 [2001]; *Pirillo v Long Is. R.R.,* 208 AD2d 818 [1994]). Moreover, the defendant established that the accident was not caused by a structural or design defect (*see Couluris v Harbor Boat Realty, supra; Sangiorgio v Ace Towing & Recovery, supra*). In opposition to the defendant's motion, the plaintiffs failed to raise a triable issue of fact. Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.