SALIHA BOUIMA, Respondent, v DACOMI, INC., et al., Defendants, and 481 REALTY CORP., Appellant. [829 NYS2d 572]—

In an action to recover damages for personal injuries, the defendant 481 Realty Corp. appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 27, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff fell off an unsecured ladder at the premises owned by the defendant 481 Realty Corp. (hereinafter the owner), an out-of-possession landlord, which were leased to the defendants Dacomi, Inc., Davy T'hoen, and Michael Coert (hereinafter together the tenants). It is undisputed that the plaintiff's fall occurred as she was attempting to exit an elevated storage area that the tenants rented to her as a sleeping loft. It was also undisputed that the only means of ingress and egress to this elevated area was through an opening in the wall, approximately eight feet above the floor, accessible only by means of an unsecured straight wooden ladder.

"[A]n out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.,* 220 AD2d 638, 639 [1995]; *see Putnam v Stout,* 38 NY2d 607 [1976]). A reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession landlord for injuries caused by a dangerous condition, where "a specific statutory violation exists and there is a

significant structural or design defect" (*Stark v Port Auth. of N.Y. & N.J.*, 224 AD2d 681, 682 [1996]; *see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566 [1987]; *Sangiorgio v Ace Towing & Recovery*, 13 AD3d 433 [2004]; *Ingargiola v Waheguru Mgt.*, 5 AD3d 732 [2004]; *Thompson v Port Auth. of N.Y. & N.J.*, 305 AD2d 581 [2003]; *Ribacoff v City of Mount Vernon*, 251 AD2d 482 [1998]; *Kilimnik v Mirage Rest.*, 223 AD2d 530 [1996]). The owner established its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it by demonstrating that it relinquished control of the leased premises, and that it was not obligated under the terms of the lease to maintain or repair the leased premises (*see Sangiorgio v Ace Towing & Recovery, supra* at 434; *Ingargiola v Waheguru Mgt., supra* at 733; *Thompson v Port Auth. of N.Y. & N.J., supra* at 582; *Ribacoff v City of Mount Vernon, supra* at 483). However, the lease contained a reservation of the owner's right of entry, and the evidence the plaintiff submitted in opposition, including her expert's affidavit, was sufficient to raise a triable issue of fact as to whether the alleged dangerous condition constituted a violation of Administrative Code of the City of New York § 27-357 and a significant structural or design defect (*see Guzman v Haven Plaza Hous. Dev. Fund Co., supra; Roveto v VHT Enters., Inc.*, 17 AD3d 341 [2005]). Accordingly, the Supreme Court properly denied the owner's motion for summary judgment dismissing the complaint insofar as asserted against it.

The owner's remaining contentions are without merit. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.