■ Andre Jeter, Respondent, v Seagull Associates, Inc., Defendant, and Robert Latronica et al., Appellants. [841 NYS2d 372]—

In an action to recover damages for personal injuries, the defendants Robert Latronica and Repad Management, Ltd., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated May 17, 2006, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant Robert Latronica, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Robert Latronica demonstrated his prima facie entitlement to judgment as a matter of law by establishing, as conceded by the plaintiff, that he was an out-of-possession landlord (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to submit any evidence of either a specific statutory violation or a significant structural or design defect. Therefore, the right of reentry provision in the subject lease was an insufficient basis on which to hold Latronica liable, and the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against him (*see Lowe-Barrett v City of New York*, 28 AD3d 721, 722 [2006]; *Ingargiola v Waheguru Mgt.*, 5 AD3d 732, 733 [2004]; *Eckers v Suede*, 294 AD2d 533 [2002]).

The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint

insofar as asserted against the defendant Repad Management, Ltd. (hereinafter Repad). The equivocal deposition testimony of Repad's president was insufficient to establish either that Repad was not responsible for the allegedly malfunctioning garage door that caused the plaintiff's injuries, or that Repad had no notice of the alleged dangerous condition (*see e.g. Bachurski v Polish & Slavic Fed. Credit Union,* 33 AD3d 739 [2006]; *see generally Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *see also Lee v Bethel First Pentecostal Church of Am.,* 304 AD2d 798, 799 [2003]). Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.