JOSEPH KANE et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [855 NYS2d 176]—

The plaintiff Joseph Kane (hereinafter the plaintiff) fell and allegedly was injured while retrieving boxes from an elevated storage area located on property owned by the defendant and rented to Urban Pathways, a not-for-profit social services organization. The plaintiff and his wife, suing derivatively, commenced this action against the defendant, alleging, inter alia, that the storage area constituted a dangerous condition that violated numerous provisions of the New York City Building Code.

The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, finding that triable issues of fact existed as to whether the defendant had relinquished control of the premises, and had constructive notice of the alleged hazard. We affirm.

An out-of-possession landlord is generally not responsible for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to maintain or repair the alleged hazard (see Couluris v Harbor Boat Realty, Inc., 31 AD3d 686 [2006]; Knipfing v V&J, Inc., 8 AD3d 628, 628-629 [2004]; Eckers v Suede, 294 AD2d 533 [2002]). Reservation of a right of re-entry for inspection and repair in a lease may, under certain circumstances, constitute sufficient retention of control to impose liability for injuries caused by an al-

leged hazard (*see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566 [1987]). Here, the defendant established its prima facie entitlement to summary judgment by submitting the entire lease and an affidavit of its physical plant manager, both of which demonstrated that it relinquished control of the leased premises and that it was not obligated under the terms of the lease to perform interior maintenance (*see Couluris v Harbor Boat Realty, Inc.,* 31 AD3d 686 [2006]). However, in opposition, the plaintiff raised triable issues of fact as to whether the defendant actually was an out-of-possession landlord which had relinquished control and whether the defendant had constructive notice of the alleged dangerous condition (*see Ingargiola v Waheguru Mgt.,* 5 AD3d 732 [2004]; *Zappel v Port Auth. of N.Y. & N.J.,* 285 AD2d 389 [2001]; *Fucile v Grand Union Co.,* 270 AD2d 227 [2000]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contentions are without merit. Santucci, J.P., Covello, Carni and Balkin, JJ., concur.