■ DEBORAH STEIN, Appellant, v HARRIET MANAGEMENT, LLC, et al., Respondents. [859 NYS2d 243]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 20, 2006, as, upon renewal, granted that branch of the

prior motion of the defendant Harriet Management, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court dated September 12, 2005.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell on debris and was injured while descending the stairs in a bar and restaurant known as Jake's Dilemma, which is located on property owned by the defendant Harriet Management, LLC (hereinafter Harriet). The plaintiff subsequently commenced this action against Harriet and Harriet Management, doing business as Jake's Dilemma, alleging, inter alia, that the stairs were negligently maintained.

Upon renewal, the Supreme Court, among other things, granted that branch of Harriet's motion which was for summary judgment dismissing the complaint insofar as asserted against it, finding that Harriet was an out-of-possession landlord not liable for the plaintiff's injuries. We affirm.

An out-of-possession landlord is generally not responsible for injuries that occur on the premises unless that party has retained control over the premises or is contractually obligated to maintain or repair the alleged hazard (*see Couluris v Harbor Boat Realty, Inc.,* 31 AD3d 686 [2006]; *Knipfing v V&J, Inc.,* 8 AD3d 628, 628-629 [2004]; *Eckers v Suede,* 294 AD2d 533 [2002]). Harriet established its prima facie entitlement to summary judgment by submitting the entire lease, with riders, which demonstrated that it relinquished control of the leased premises and was not obligated under the terms of the lease to maintain or repair the staircase (*see Couluris v Harbor Boat Realty, Inc.,* 31 AD3d 686 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the allegedly defective condition constituted a specific statutory violation (*see O'Connell v L.B. Realty Co.,* 50 AD3d 752 [2008]; *Ahmad v City of New York,* 298 AD2d 473, 474 [2002]; *Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.