■ LAUREEN T. DEERR'MATOS, Appellant, v ULYSSES UPP, LLC, Respondent. [861 NYS2d 368]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated May 11, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained injuries at her place of work. The defendant owned the subject premises and the plaintiff's employer occupied the premises pursuant to a "license agreement" which, among other things, failed to set forth the maintenance responsibility of the grantor vis-à-vis the grantee. The sole member of the defendant, a limited liability company, was also an employee of the plaintiff's employer, the "tenant" which occupied the premises. He was in a managerial position, and was at the premises on a daily basis.

An out-of-possession landlord is generally not responsible for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to maintain or repair the alleged hazard (*see Kane v Port Auth. of N.Y. & N.J.*, 49 AD3d 503 [2008]; *Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686 [2006]; *Dominguez v Food City Mkts.*, 303 AD2d 618 [2003]). Under the circumstances, the defendant failed to establish, prima facie, that it was an out-of-possession landlord which had surrendered possession and control of the premises, and the Supreme Court should have denied its motion for summary judgment (*see Rosas v 397 Broadway Corp.*, 19 AD3d 574 [2005]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.