Behluli v 228 Hotel Corp. (2019 NY Slip Op 03944)





Behluli v 228 Hotel Corp.


2019 NY Slip Op 03944


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-08246
 (Index No. 50806/15)

[*1]Shqipe Behluli, respondent, 
v
228 Hotel Corp., et al., defendants, Edison Management Company, LLC, appellant.


Margaret G. Klein, New York, NY (Mischel & Horn, P.C. [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Kohan Law Group, P.C., Manhasset, NY (Joshua M. Lockamy of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Edison Management Company, LLC, appeals from an order of the Supreme Court, Westchester County (Alan D. Scheinkman, J.), dated June 30, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Edison Management Company, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured when she slipped and fell on an interior stairwell of a hotel in Manhattan, which was owned by the defendant Edison Management Company, LLC (hereinafter Edison), and leased to the plaintiff's employer. The plaintiff alleged that the vinyl material covering the stair on which she slipped was cracked and missing, revealing the slippery, metallic stair underneath. The plaintiff commenced this action against Edison and others to recover damages for personal injuries. Edison moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that it was an out-of-possession landlord with no responsibility for maintenance of the premises under the lease or by any course of conduct, and the alleged defect was not a significant structural or design defect that constituted a specific statutory violation. In an order dated June 30, 2017, the Supreme Court denied the motion. Edison appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Casson v McConnell, 148 AD3d 863, 864).
Here, Edison demonstrated, prima facie, that it was an out-of-possession landlord that did not assume a duty to maintain the premises by contract or by a course of conduct (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18-19). Further, although the plaintiff alleged the [*2]violation of a statutory duty, and Edison retained a right to reenter the premises for the purposes of inspection and repairs, Edison demonstrated, prima facie, that the alleged defect was not a significant structural or design defect in violation of a specific statutory provision (see Robinson v M. Parisi & Son Constr. Co. Inc., 51 AD3d 653, 654; O'Connell v L. B. Realty Co., 50 AD3d 752, 753; Nikolaidis v La Terna Rest., 40 AD3d 827, 828; Bouima v Dacomi, Inc., 36 AD3d 739, 739-740; Stark v Port Auth. of N.Y. & N.J., 224 AD2d 681, 682; cf. Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566). In opposition, the plaintiff failed to raise a triable issue of fact (see Regensdorfer v Central Buffalo Project Corp., 247 AD2d 931, 932; Quinones v 27 Third City King Rest., 198 AD2d 23, 24).
Accordingly, the Supreme Court should have granted Edison's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not address the parties' remaining contentions regarding whether Edison had constructive notice of the condition.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court