Middleton v HWM S. Conduit, LLC (2024 NY Slip Op 51053(U))

[*1]

Middleton v HWM S. Conduit, LLC

2024 NY Slip Op 51053(U)

Decided on August 14, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 14, 2024
Supreme Court, Kings County

Kareem C. Middleton, Plaintiff,

against
HWM South Conduit, LLC, 624 SOUTH CONDUIT AVE LLC, and SYED RESTAURANTS ENTERPRISES, INC., 624 SOUTH CONDUIT OPERATING CORP, d/b/a BURGER KING and 624 SOUTH CONDUIT OPERATING CORP, d/b/a POPEYES, Defendants.

Index No. 510899/2020

Wingate, Russotti, Shapiro, Moses & Halperin, LLP, Manhattan (Luigi Izzo of counsel), for Kareem C. Middleton, plaintiff.
Raneri, Light & O'Dell, PLLC, White Plains (Edward A. Frey of counsel), for HWM South Conduit, LLC and 624 South Conduit Ave., LLC, defendants.
McCabe & Mack, LLP, Poughkeepsie (Kimberly Hunt Lee of counsel), for Syed Restaurant Enterprises, Inc. and 624 South Conduit Operating Corp d/b/a Burger King and 624 South Conduit Operating Corp d/b/a Popeyes, defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Moving Defendants in Support of the Motion
NYSCEF Doc No. 167: Notice of Motion
NYSCEF Doc No. 168: Edward A. Frey Affirmation
NYSCEF Doc No. 169: Exhibit A — Order Dated 4/11/24
NYSCEF Doc No. 170: Exhibit B — Statement of Undisputed Facts
NYSCEF Doc No. 171: Exhibit C — Kenneth L. Raisch Affidavit
NYSCEF Doc No. 172: Exhibit D — Christopher Todd Affidavit
NYSCEF Doc No. 173: Exhibit E — Summons and Complaint
NYSCEF Doc No. 174: Exhibit F — Moving Defendants' Answer
NYSCEF Doc No. 175: Exhibit G — Defendant Syed Restaurant Enterprises, Inc.'s Answer
NYSCEF Doc No. 176: Exhibit H — Supplemental Summons and Amended Complaint
NYSCEF Doc No. 177: Exhibit I — Moving Defendants' Answer to the Amended Complaint
NYSCEF Doc No. 178: Exhibit J — Defendant Syed Restaurant Enterprises Inc's Answer to the Amended Complaint
NYSCEF Doc No. 179: Exhibit K — Bill of Particulars
NYSCEF Doc No. 180: Exhibit L — Plaintiff's Deposition Transcript
NYSCEF Doc No. 181: Exhibit M — Javaid Syed's Deposition Transcript
NYSCEF Doc No. 182: Exhibit N — 2013 Bargain and Sale Deed
NYSCEF Doc No. 183: Exhibit O — 2015 Bargain and Sale Deed
NYSCEF Doc No. 184: Exhibit P — Lease Dated 12/29/94
NYSCEF Doc No. 185: Exhibit Q — Lease Assignment
NYSCEF Doc No. 204: Edward A. Frey Reply Affirmation
NYSCEF Doc No. 205: Exhibit A — Statement of Undisputed Material Facts
NYSCEF Doc No. 206: Exhibit B — Omnibus Counterstatement of Material Facts
NYSCEF Doc No. 207: Exhibit C — Statement of Undisputed Material Facts
NYSCEF Doc No. 208: Exhibit D — Omnibus Counterstatement of Material Facts
NYSCEF Doc No. 209: Exhibit E — Kenneth L. Raisch Affidavit
NYSCEF Doc No. 210: Exhibit F — Marked Statement of Undisputed Material Facts
Submitted by Plaintiff in Opposition to the Motion:
NYSCEF Doc No. 186: Omnibus Counterstatement of Material Facts
NYSCEF Doc No. 187: Exhibit A — Kenneth L. Raisch Affidavit
NYSCEF Doc No. 188: Exhibit B — Google Maps Topography
NYSCEF Doc No. 189: Exhibit C — Mark Lucaj Deposition Transcript
NYSCEF Doc No. 190: Exhibit D — Javaid Syed's Deposition Transcript
NYSCEF Doc No. 191: Exhibit E — Plaintiff's Deposition Transcript
NYSCEF Doc No. 192: Exhibit F — Hospital Records
NYSCEF Doc No. 193: Exhibit G — Google Maps Photo
NYSCEF Doc No. 194: Exhibit H — Mohammed Hossain Deposition Transcript
NYSCEF Doc No. 195: Exhibit I — Summons and Complaint and Answers
NYSCEF Doc No. 196: Exhibit J — Lease Dated 12/29/94
NYSCEF Doc No. 197: Exhibit K — Priester Decision (Wade, J.)
NYSCEF Doc No. 198: Exhibit L — Plaintiff's Affidavit re Photographs
NYSCEF Doc No. 199: Exhibit M — Affidavit and Report of Dr. William Marletta
NYSCEF Doc No. 201: Luigi Izzo Affirmation
Filed by Court
NYSCEF Doc No. 215: Transcript of Oral Argument
Upon the foregoing papers, having heard oral argument, and due deliberation having [*2]been had,[FN1]
the within motion is determined as follows.
Facts
This is a trip and fall case where Plaintiff was injured after stepping into a hole in Defendants' parking lot, thereby sustaining allegedly serious injuries. Before the court is Defendants HWM South Conduit, LLC and 624 South Conduit Ave., LLC's (hereinafter "Movants-Landlords" or "Landlords") motion for summary judgment dismissing Plaintiff's complaint and all Defendant cross-claims against them; also for indemnification and contribution (see NYSCEF Doc No. 167, notice of motion).[FN2]

Movant Argument
Movant-Landlords argue that they are entitled to judgment as a matter of law because they are out-of-possession landlords who did not control the rear parking lot where Plaintiff alleges to have fallen and, in absence of such control, they did not owe a duty of care to Plaintiff (see NYSCEF Doc No. 168, Frey Aff ¶ 2). Additionally, Movants-Landlords aver that all of the maintenance responsibilities without exception were transferred to the tenant (see NYSCEF Doc No. 184, Lease ¶ 6; NYSCEF Doc No. 168, Frey Aff. ¶ 41). Not only this, but the parties both had a mutual understanding that Landlords were not responsible for anything maintenance- or repair-related on the premises (see NYSCEF Doc No. 168, Frey Aff. ¶ 40; NYSCEF Doc No. 181, Syed Transcript at 10, lines 18-24).
Opposition Argument
The opposition to this motion has been filed by Plaintiff. His argument is that Movants-Landlords have failed to demonstrate that they are not responsible for parking lot maintenance based on the verbiage of the lease because an order and accompanying decision, written by Hon. Carolyn E. Wade, J.S.C., in a similar pending action concerning the same lease, held in that action that Defendants Landlords were unable to establish that they owed the plaintiff therein no duty (see NYSCEF Doc No. 165, Izzo Aff ¶ 10). Plaintiff's argument herein is essentially that this Court should follow suit. Importantly, Defendant-Tenants (the remaining Defendants) take no position on the motion.
Analysis
It is well established in New York that out-of-possession landlords owe no liability for injuries that occur on their premises unless they have retained possession of the premises and are obligated contractually, statutorily, or based on a course of conduct (see Michaele v Steph-Leigh Assoc., LLC, 178 AD3d 820, 820 [2d Dept 2019]). The Second Department has also held that the reservation of a right of reentry may be sufficient grounds on which to predicate out-of-possession landlord liability for a subsequently arising dangerous condition where there is a dangerous structural condition or design defect (e.g. Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10 [2d Dept 2011]; Gavallas v Health Ins. Plan of Greater NY, 35 AD3d 657 [2d Dept 2006]).
Equally well settled is the parol evidence rule, which precludes the admission of extrinsic evidence in contract interpretation, unless there is some ambiguity that would be corrected by the evidence's admission (see Ross v 2582 Hylan Blvd. Fitness Group, 206 AD3d 893, 894-95 [2d Dept 2022]). Importantly, courts must admit such evidence according to the parties' intent, and "should be extremely reluctant to interpret an agreement as impliedly stating something which the parties neglected to specifically include. Hence, courts may not by construction add or excise terms, nor distort the meaning of those used. . ." (id. [internal citations omitted]).
In the instant action, Movant-Landlords have established themselves as out-of-possession landlords. As a result, summary judgment should only be denied if Movant-Landlords have failed to establish that they owe no duty of care to Plaintiff as a matter of law. They succeed in carrying their burden on the first element of the legal considerations, which is to say that they establish that they did not retain any control whatsoever of the demised premises as evidenced by the supporting affirmation of Kenneth L. Raich (lease negotiator and draftsman) (NYSCEF Doc No. 171) and the testimony of Javaid Syed (principal of Tenant) (see NYSCEF Doc No. 181).
Even assuming, arguendo, that Movant-Landlords did retain some control of the premises, they would still be entitled to summary judgment, as the other elements to establish duty are not satisfied. No party has identified any statutory obligation that would impose liability on Landlords, and there has been no evidence presented that would suggest that Movant-Landlords have ever repaired or maintained anything on the premises such to establish a course of conduct, which would leave only a contractual obligation.
In this action, the contract is the lease. Movant-Landlords' position that the lease specifically prescribes all liability to Tenants is persuasive here. More so, Plaintiff's argument that this Court should follow in the footsteps of Justice Wade's decision falls flat. In that decision, Justice Wade, after being presented with the same lease as in the instant action, holds that there had not been a prima facie showing of an entitlement to summary judgment, given that the lease was silent on parking lot maintenance. As a result, Justice Wade denied the motion. However, there was no mention whatsoever of parol evidence in the decision, and therefore, it is possible that Mr. Raisch's contention — that the lease paragraph 6's use of "ways" was understood by all parties to mean the parking lots — was not included on the motion in that case (see NYSCEF Doc No. 168, Frey Aff ¶ 44).
In any event, the term "ways" is ambiguous, making Mr. Raisch's testimony as to the intent of the parties admissible as an exception to the parol evidence rule. And this interpretation of the parties' intent is even evinced further by the parties' conduct preceding the accident, in that Tenant took full responsibility for the maintenance and repair of all aspects of the property, including the parking lots (see NYSCEF Doc No. 181, NYSCEF Doc No. 181, Syed Transcript [*3]at 10, lines 18-24). Nothing from Plaintiff refutes this construction of the lease and how it was implemented in terms of who was responsible for the parking lot. Moreover, although there was a right on the part of the Landlords to re-enter there were no defective structural conditions or design defects leading to Plaintiff's injuries.
Conclusion
Based on the foregoing, analysis, Defendants/Movant-Landlords HWM South Conduit, LLC and 624 South Conduit Ave., LLC's motion for leave to renew is GRANTED. Upon renewal, their motion for summary judgment dismissing the complaint and all cross-claims against them is GRANTED. Any issue regarding indemnification and contribution is academic.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:The motion actually is one for leave to renew an order dated April 11, 2024 and entered April 16, 2024, denying without prejudice Movants-Landlords' motion for summary judgment for failure to comply with Court Rules concerning hardcopies.