Alexandre v Shih T. Wang (2025 NY Slip Op 04855)

Alexandre v Shih T. Wang

2025 NY Slip Op 04855

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-11064
 (Index No. 514456/19)

[*1]Sandra Alexandre, respondent, 
v
Shih T. Wang, appellant, et al., defendants.

Miller, Leiby & Associates, P.C., New York, NY (Oana Brebenel of counsel), for appellant.
Popkin & Popkin, LLP, New York, NY (Eric F. Popkin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Shih T. Wang appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated November 15, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Shih T. Wang for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff commenced this action against the defendant Shih T. Wang (hereinafter the defendant), among others, to recover damages for personal injuries she allegedly sustained when she tripped and fell on a loose floor tile in the living room of her apartment, which was located on the second floor of a building owned by the defendant and leased to the plaintiff's landlord. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him, contending, inter alia, that he was an out-of-possession landlord. In an order dated November 15, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
As a preliminary matter, the Supreme Court erroneously considered the new claims alleged in the plaintiff's affidavit submitted in opposition to the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff's allegation that the loose floor tile was caused by a leaky roof was not pleaded, "and a plaintiff cannot raise a new theory of liability in opposition to a motion for summary judgment" (Groth v Ferrante, 221 AD3d 664, 666; see Sanchez v City of New York, 190 AD3d 999, 1000).
Further, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Plunkett v 519 Gourmet Deli & Grill, Inc., No. 5, 233 AD3d 814, 815 [internal quotation marks omitted]; see Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800). Here, since the complaint sounds in common-law negligence and the pleadings do not allege a violation of a statute, the defendant cannot be held liable unless he retained control over the premises and owed a duty assumed by contract or a course of conduct (see Plunkett v 519 Gourmet [*2]Deli & Grill, Inc., No. 5, 233 AD3d at 815; Cicio v Kingswood Props., LLC, 224 AD3d 656, 657).
"[C]ontrol refers to the ability of an out-of-possession landlord to remedy dangerous conditions" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 17). "Reservation of a right of re-entry for inspection and repair in a lease may, under certain circumstances, constitute sufficient retention of control to impose liability for injuries caused by an alleged hazard" (Kane v Port Auth. of N.Y. & N.J., 49 AD3d 503, 503-504; see Denermark v 2857 W. 8th St. Assoc., 111 AD3d 660, 661). In the absence of a statutory violation, there must be a significant structural or design defect present in order for a right of re-entry to constitute sufficient retention of control to impose liability (see Gavallas v Health Ins. Plan of Greater N.Y., 35 AD3d 657, 657; Couluris v Harbor Boat Realty, Inc., 31 AD3d 686, 686).
Here, the defendant, who had no key to access the building, never visited the second floor, and did not know there were tenants living on the second floor, established, prima facie, that he did not have an ability to remedy the loose floor tile, which was not a significant structural defect (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 17; Couluris v Harbor Boat Realty, Inc., 31 AD3d at 686).
The defendant also established, prima facie, that he owed no duty to the plaintiff, either by contract or through a course of conduct (see Cicio v Kingswood Props., LLC, 224 AD3d at 657; Hope v Our Holy Redeemer R.C. Church, 219 AD3d 595, 595). A lease between the defendant and the plaintiff's landlord provided that the defendant was responsible for all public portions of the building and that the plaintiff's landlord was responsible for everything else. In addition, the defendant's conduct did not indicate that he had assumed a duty. The defendant testified at his deposition that he rarely visited the building, never met the plaintiff, and undertook only one repair to the roof, which was a public portion of the building.
Therefore, the defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by establishing that he was an out-of-possession landlord and was not bound by contract or a course of conduct to maintain or repair the floor tile in the living room where the accident occurred. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court