■ HUSSEIN AHMAD, Respondent, v CITY OF NEW YORK et al., Defendants, and 42-50 24TH STREET REALTY CORP., Appellant. [748 NYS2d 777] —In an action to recover damages for personal injuries, the defendant 42-50 24th Street Realty Corp. appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 20, 2001, as denied that branch of its motion, jointly made with the defendant Midtown-Midland Operation Corp., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 42-50 24th Street Realty Corp. is granted, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed.

The plaintiff sustained physical injuries when he slipped and fell on an accumulation of ice on a sidewalk adjacent to premises leased by his employer, the defendant Midtown-Midland Operation Corp. (hereinafter Midtown). Midtown leased the premises from the appellant 42-50 24th Street Realty Corp. (hereinafter Street Realty). After the plaintiff commenced this action, Street Realty and Midtown jointly moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Street Realty.

"[A]n out-of-possession owner or lessor is not liable for

injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition" (*Jackson v U.S. Tennis Assn.*, 294 AD2d 470, 471 [internal quotation marks omitted]; *see Lane v Fisher Park Lane Co.*, 276 AD2d 136, 141; *Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326; *see also Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559).

In support of its motion, Street Realty established that under the lease it had no duty to maintain or repair the premises. The lease imposed that duty on the tenant; Street Realty merely retained the right to re-enter, conduct inspections, and make necessary repairs if the tenant failed to do so. The provisions of the Administrative Code of the City of New York §§ 27-127 and 27-128, which the Supreme Court cited in denying summary judgment to Street Realty, are nonspecific and reflect only the general duty to maintain the premises in a safe condition (*see Dixon v Nur-Hom Realty Corp.*, 254 AD2d 66; *Plung v Cohen*, 250 AD2d 430; *Manning v New York Tel. Co.*, 157 AD2d 264; *see also Taylor v Park Towers S. Corp.*, 293 AD2d 668, *lv denied* 98 NY2d 612; *Caiazzo v Angelone*, 236 AD2d 351). In opposition, the plaintiff raised no triable issue of fact. Accordingly, Street Realty, as the out-of-possession landlord, was entitled to judgment as a matter of law.

The plaintiff's remaining arguments are either unpreserved for appellate review or have been rendered academic. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.