■ FRED SENEY, Respondent, v KEE ASSOCIATES, Appellant, and CHIPMEN DISTRIBUTORS, INC., et al., Respondents. (And a Third-Party Action.) [790 NYS2d 170]—

In an action to recover damages for personal injuries, the defendant Kee Associates appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated February 27, 2004, which denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and referred for determination by the trial court that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendants Chipmen Distributors, Inc., and Kevin Omeis.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order which referred for determination by the trial court that branch of the appellant's motion which was for summary judgment on the appellant's cross claim for contractual indemnification against the defendants Chipmen Distributors, Inc., and Kevin Omeis, is treated as an application for leave to appeal from that portion of the order and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, those branches of the motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant and for summary judgment on the appellant's cross claim for contractual indemnification against the defendant Kevin Omeis are granted, that branch of the motion which was

for summary judgment on the appellant's cross claim for contractual indemnification against the defendant Chipmen Distributors, Inc., is denied, the complaint and cross claims, if any, are dismissed insofar as asserted against the appellant, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of attorney's fees, expenses, costs, and disbursements to be awarded on the cross claim for contractual indemnification against the defendant Kevin Omeis; and it is further,

Ordered that one bill of costs is awarded to the appellant payable by the plaintiff.

The plaintiff allegedly was injured when he tripped and fell on a "two-by-four" in a warehouse owned by the appellant and leased, among others, to the defendant Kevin Omeis. Omeis and the other tenants were responsible for maintenance and repair of the premises under the terms of the lease. The appellant retained the right to enter the premises to inspect and make repairs. The lease also contained an indemnification clause requiring the tenants, among other things, to indemnify the appellant for any expenses, including attorney's fees, and to assume the defense of any personal injury claim upon written request. In addition, the tenants were required to maintain liability insurance naming the appellant as an additional insured. After the plaintiff commenced this action against the appellant, Omeis, and Chipmen Distributors, Inc. (hereinafter CDI), the appellant requested that the codefendants assume the defense of the litigation, but received no response. When depositions were completed, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against Omeis and CDI. Omeis and CDI did not submit papers in opposition to the motion.

An out-of-possession landlord is not liable for injuries sustained on the premises unless the landlord retains control of the premises or is contractually obligated to perform maintenance and repairs (*see Ingargiola v Waheguru Mgt.*, 5 AD3d 732 [2004]; *Dominguez v Food City Mkts.*, 303 AD2d 618 [2003]). Reservation of a right of entry for inspection and repair may constitute sufficient retention of control to impose liability for injuries caused by a dangerous condition, but only where liability is based on a significant structural or design defect that violates a specific statutory provision (*see Ingargiola v Waheguru Mgt., supra; Dominguez v Food City Mkts., supra*).

Here, in opposition to the appellant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff

failed to raise a triable issue of fact as to whether the appellant controlled the premises or had a contractual obligation to maintain or repair the premises, or whether liability could be imposed based on the appellant's reservation of the right of entry. Consequently, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court also should have granted that branch of the appellant's motion which was for summary judgment on its cross claim for contractual indemnification against Omeis to recover its defense costs (*see Ingargiola v Waheguru Mgt., supra; Dominguez v Food City Mkts., supra*). However, the appellant was not entitled to summary judgment against Chipmen Distributors, Inc., as it failed to demonstrate that the corporation was a party to the lease.

We need not address the appellant's remaining contention. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.