■ SHALA YADEGAR et al., Respondents, v INTERNATIONAL FOOD MARKET et al., Respondents, and HERMAN B. STEIN, Appellant. [830 NYS2d 244]—

In a consolidated action to recover damages for personal injuries, etc., the defendant Herman B. Stein appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated September 8, 2003, as (1) denied that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, (2) upon renewal, granted the cross motion of the defendant International Food Market for summary judgment dismissing the complaint insofar as asserted against it, and (3) granted the cross motion of the defendant Roslyn Grill, Inc., doing business as Hamid's Diner, and Hamid Banayan for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as, upon renewal, granted the cross motion of the defendant International Food Market for summary judgment dismissing the complaint insofar as asserted against it, and granted the cross motion of the defendant Roslyn Grill, Inc., doing business as Hamid's Diner, and Hamid Banayan for summary judgment dismissing the complaint insofar as asserted against them is dismissed as academic in light of the determination of the appeal from so much of the order as denied that branch of the cross motion of the defendant Herman B. Stein which was for summary judgment dismissing the complaint insofar as asserted against him; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and that branch of the cross motion of the defendant Herman B. Stein which was for summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Herman B. Stein.

The plaintiff Shala Yadegar sustained injuries when she tripped and fell over an area of raised and broken asphalt in a parking lot owned by the defendant Herman B. Stein. "[A]n out-of-possession owner or lessor is not liable for injuries that occur on the premises unless that entity retained control of the premises or is contractually obligated to repair the unsafe condition" (*Carvano v Morgan,* 270 AD2d 222, 223 [2000]). Stein satisfied his burden on his motion for summary judgment dismissing the complaint insofar as asserted against him by demonstrating that he was an out-of-possession landlord who was not obligated to maintain or repair the parking lot (*see Salgado v Ring,* 21 AD3d 362, 363 [2005]; *Knipfing v V&J, Inc.,*

8 AD3d 628, 629 [2004]; *Ahmad v City of New York,* 298 AD2d 473, 474 [2002]).

In opposition, the plaintiffs failed to raise a triable issue of fact. "Reservation of a right of entry may constitute sufficient retention of control to impose liability upon an out-of-possession owner or lessor for injuries caused by a dangerous condition, but only when 'a specific statutory violation exists and there is a significant structural or design defect' " (*Lowe-Barrett v City of New York,* 28 AD3d 721, 722 [2006], quoting *Stark v Port Auth. of N.Y. & N.J.,* 224 AD2d 681, 682 [1996]). Here, however, although Stein retained a right to re-enter the premises, the plaintiffs did not allege the violation of a statutory provision and presented no evidence demonstrating that the raised and broken asphalt in the parking lot constituted a significant structural or design defect (*see Schwegler v City of Niagara Falls,* 21 AD3d 1268 [2005]; *Salgado v Ring, supra* 21 AD3d at 363; *Seney v Kee Assoc.,* 15 AD3d 383, 384-385 [2005]; *Sangiorgio v Ace Towing & Recovery,* 13 AD3d 433 [2004]). Accordingly, Stein's cross motion should have been granted.

In light of this determination, we need not address the moving defendant's remaining contentions. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.