SUZY SPAROZIC, Appellant, v BOVIS LEND LEASE LMB, INC., Formerly Known as LEHRER McGOVERN BOVIS, INC., et al., Respondents, et al., Defendants. [858 NYS2d 207]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 21, 2005, as granted that branch of the motion of the defendants American Premier Underwriters, Inc., formerly known as Penn Central Corporation, and New York & Harlem Railroad Company which was for summary judgment dismissing the complaint insofar as asserted against them, (2) an order of the same court dated January 6, 2006, as granted that branch of the motion of the defendant GCT Venture, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, (3) an order of the same court dated January 6, 2006, as granted that branch of the motion of the defendant Bovis Lend Lease LMB, Inc., formerly known as Lehrer McGovern Bovis, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (4) an order of the same court dated January 10, 2006, as granted

that branch of the motion of the defendant Jones Lang LaSalle Incorporated, formerly known as LaSalle Partners Incorporated, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff alleged that she tripped and fell in a passageway of Grand Central Terminal while she was walking to her train. She alleged that she caught her toe on a section of the floor raised about one inch above a "sunken" expansion joint cover.

"An out-of-possession landlord is not liable for personal injuries sustained on the premises unless the landlord retains control of the property or is contractually obligated to perform maintenance and repairs" (*Dominguez v Food City Mkts.*, 303 AD2d 618, 619 [2003]; *see Ingargiola v Waheguru Mgt.*, 5 AD3d 732, 733 [2004]).

Here, the defendants American Premier Underwriters, Inc., formerly known as Penn Central Corporation (hereinafter APU), and New York & Harlem Railroad Company (hereinafter NY & HRR) met their burden on their motion for summary judgment by demonstrating that they were out-of-possession landlords who were not obligated to maintain or repair the area of Grand Central Terminal where the plaintiff allegedly fell (*see Yadegar v International Food Mkt.*, 37 AD3d 595 [2007]; *Gavallas v Health Ins. Plan of Greater N.Y.*, 35 AD3d 657 [2006]; *Lowe-Barrett v City of New York*, 28 AD3d 721 [2006]; *Jackson v United States Tennis Assn.*, 294 AD2d 470 [2002]). Although the lease provided APU and NY & HRR with a right of entry, the plaintiff failed to raise a triable issue of fact as to whether the allegedly defective condition constituted a specific statutory violation (*see O'Connell v L.B. Realty Co.*, 50 AD3d 752 [2008]; *Ahmad v City of New York*, 298 AD2d 473, 474 [2002]; *Kilimnik v Mirage Rest.*, 223 AD2d 530 [1996]). Accordingly, the Supreme Court properly granted that branch of the motion of APU and NY & HRR which was for summary judgment dismissing the complaint insofar as asserted against them.

The defendant GCT Venture, Inc. (hereinafter GCT) established, prima facie, its entitlement to summary judgment by demonstrating that it owed no duty to the plaintiff under its development agreement with the Metropolitan Transportation Authority. In opposition, the plaintiff failed to raise a triable issue of fact (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821

[2007]; *Torchio v New York City Hous. Auth.*, 40 AD3d 970 [2007]; *DeMartino v Home Depot U.S.A., Inc.*, 37 AD3d 758 [2007]; *Dennebaum v Rotterdam Sq.*, 6 AD3d 1045 [2004]). Accordingly, the Supreme Court properly granted that branch of GCT's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Finally, the defendant Bovis Lend Lease LMB, Inc., formerly known as Lehrer McGovern Bovis, Inc. (hereinafter Bovis), and the defendant Jones Lang LaSalle Incorporated, formerly known as LaSalle Partners Incorporated (hereinafter Jones Lang), both met their respective prima facie burdens of establishing entitlement to judgment as a matter of law by demonstrating that they owed no duty to the plaintiff (*see Morrison v Gerlitzky*, 282 AD2d 725 [2001]; *Burns v City of New York*, 156 AD2d 256 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact as to the liability of either Bovis or Jones Lang. Accordingly, the Supreme Court properly granted those branches of the respective motions of Bovis and Jones Lang which were for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.