■ ANNABELLE VALENTI et al., Appellants, v 400 CARLLS PATH REALTY CORP., Respondent. [861 NYS2d 357]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 23, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly slipped and fell over a hazardous condition in a parking lot owned by the defendant. An out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair unsafe conditions (*see Lindquist v C & C Landscape Contrs., Inc.*, 38 AD3d 616 [2007]). Here, the defendant established its entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord which had no duty to maintain or repair the parking lot (*see Yadegar v International Food Mkt.*, 37 AD3d 595 [2007]; *Seney v Kee Assoc.*, 15 AD3d 383 [2005]; *Berado v City of Mount Vernon*, 262 AD2d 513

[1999]). Although the defendant retained the right to enter the premises to make repairs, the plaintiff failed to raise a triable issue of fact as to whether the defendant violated a specific statutory provision (*see O'Connell v L.B. Realty Co.,* 50 AD3d 752 [2008]; *Ahmad v City of New York,* 298 AD2d 473, 474 [2002]; *Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.