In an action to recover damages for personal injuries, the defendants Michael Salvatore and Bernandino Savone appeal from an order of the Supreme Court, Westchester County (Donovan J), entered July 23, 2007, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Michael Salvatore and Bernandino Savone for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
The plaintiff allegedly was injured when she fell into a depression in a parking area in front of a building owned by the defendants Michael Salvatore and Bernandino Savone (hereinafter the owners) and leased by Luciano’s Italian restaurant (hereinafter the restaurant). The area where the plaintiff fell contained a traffic signal box, owned by the State of New York, which was surrounded by raised asphalt. The restaurant had paved over the area on a number of occasions, thus allegedly causing a depression to form around the traffic signal box.
The owners established their prima facie entitlement to judgment as a matter of law by demonstrating that they were out-of-possession landlords who neither retained control over the parking area nor were contractually obligated by the lease to maintain or repair it (see Valenti v 400 Carlls Path Realty Corp., 52 AD3d 696 [2008]; Yadegar v International Food Mkt., 37 AD3d 595, 596 [2007]).
*535 In opposition, the plaintiff and the restaurant failed to raise a triable issue of fact. While control “may be evidenced by lease provisions making the landlord responsible for repairs or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises” (Ever Win, Inc. v 1-10 Indus. Assoc., LLC, 33 AD3d 845, 846 [2006]), here, the lease obligated the restaurant, not the owners, to maintain the parking area. Although the lease also required the restaurant to submit proposed construction and repair plans to the owners for their approval, such provision, in and of itself, is “insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord” (Schwegler v City of Niagara Falls, 21 AD3d 1268, 1270 [2005]; see Ferro v Burton, 45 AD3d 1454, 1455 [2007]). Moreover, there is no evidence that the restaurant ever complied with that provision. Furthermore, even if that provision could be interpreted as the owners’ reservation of the right to enter the premises to make repairs, the plaintiff and the restaurant failed to raise a triable issue of fact as to whether the alleged defective parking lot condition constituted a specific statutory violation such that liability could be imposed (see Conte v Frelen Assoc., LLC, 51 AD3d 620, 620-621 [2008]; Sparozic v Bovis Lend Lease LMB, Inc., 50 AD3d 1121, 1122 [2008]). Finally, there is no evidence that the defendants leased the building to the restaurant knowing that a dangerous condition existed (see Landau v Beach Haven Shopping Ctr., 276 AD2d 752 [2000]).
Accordingly, the Supreme Court should have granted the owners’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.