■ DIANE EUVINO, Respondent, v JOSEPH LOCONTI, Appellant. [888 NYS2d 571]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Butler, J.), dated March 30, 2009, which denied his motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint to add a party defendant.

Ordered that the appeal from so much of the order as granted the plaintiff's cross motion for leave to amend the complaint to add a new party defendant is dismissed, as the defendant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On August 20, 2006 the plaintiff attended a party hosted by Christine Loconti (hereinafter Christine) at her home, which is owned by the defendant, Joseph Loconti, who is Christine's ex-husband. During the party, the plaintiff allegedly was cut by glass which fell from a glass pane in a door as she tried to open the door.

Subsequently, the plaintiff commenced this action to recover damages for personal injuries against the defendant. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that he was an out-of-possession landlord or owner and, thus, was not liable for injuries occurring at the house. The plaintiff opposed the motion and cross-moved for leave to amend the complaint to add Christine as a party defendant.

The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. In denying the defendant's motion, the court determined, among other things, that even if the defendant were considered an out-of-possession owner, the stipulation of settlement entered into by the defendant and Christine in a matrimonial action, which was submitted by the defendant in support of his motion, obligated the defendant to

make certain repairs to the house and allowed him access to part of the property. Accordingly, the Supreme Court determined he could be liable for injuries occurring at the house.

"An out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Conte v Frelen Assoc., LLC*, 51 AD3d 620, 620 [2008]; *see Valenti v 400 Carlls Path Realty Corp.*, 52 AD3d 696 [2008]; *Lindquist v C & C Landscape Contrs., Inc.*, 38 AD3d 616, 616-617 [2007]). Control may be evidenced by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises (*see Ever Win, Inc. v 1-10 Indus. Assoc., LLC*, 33 AD3d 845 [2006]; *Winby v Kustas*, 7 AD3d 615 [2004]).

Here, the defendant submitted evidence, in the form of the stipulation of settlement, that Christine was "exclusively entitled to use and occupancy" of the house on the date of the accident. While the stipulation of settlement provided that the defendant was to pay for certain repairs to the house, it imposed no obligation on the defendant to repair or maintain the house and reserved no right of inspection or entry. Thus, contrary to the finding of the Supreme Court, the defendant was not contractually obligated to repair the house. Moreover, the only access granted to the defendant in the stipulation of settlement was for storage of personal property in the garage of the house. Such access required prior notice to Christine, and did not include any obligation to repair or maintain the garage or any portion of the house. Moreover, he submitted evidence, in the form of his deposition testimony, that in 2006 he "[v]ery rarely" went into the house, and he had not performed any repairs from the time he had moved out in 2004 until the time of the accident . Thus, he had not engaged in a course of conduct demonstrating that he had assumed responsibility to maintain the house or a particular portion thereof. Under these circumstances, the defendant established his entitlement to judgment as a matter of law (*see Conte v Frelen Assoc., LLC*, 51 AD3d 620 [2008]; *Valenti v 400 Carlls Path Realty Corp.*, 52 AD3d 696 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In view of the foregoing, the defendant's remaining contentions are academic. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.