■ THOMAS M. McELROY, Appellant, v GAIL BERNSTEIN et al., Respondents. [898 NYS2d 853]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated March 17, 2009, which denied, as academic, his motion for leave to serve an amended complaint.

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated March 16, 2009, as granted the motion of the defendants Gail Bernstein and Herbert Resnick for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2005, the plaintiff allegedly was injured at his place of employment, an indoor lumberyard (hereinafter the premises), when, as he was climbing a raised wooden rack in

which lumber was stored, a crosspiece snapped, causing him to fall, first to a catwalk, and then to the ground. The plaintiff commenced this action against, among others, the defendants Gail Bernstein and Herbert Resnick (hereinafter the defendants).

Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability. In the order appealed from, the Supreme Court granted the defendants' motion and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. We affirm the order insofar as appealed from.

The defendants established their prima facie entitlement to judgment as a matter of law by establishing that they were out-of-possession landlords who did not retain control over the premises and were not contractually obligated to maintain or repair them (*see Euvino v Loconti*, 67 AD3d 629, 631 [2009]; *Valenti v 400 Carlls Path Realty Corp.*, 52 AD3d 696, 696-697 [2008]; *Grippo v City of New York*, 45 AD3d 639, 640 [2007]). Moreover, the defendants established prima facie that they did not create the allegedly dangerous condition that caused the plaintiff's injuries, or lease the premises to the plaintiff's employer knowing that a dangerous condition existed on the premises (*see McComish v Luciano's Italian Rest.*, 56 AD3d 534, 535 [2008]; *Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. While the defendants reserved the right to enter the premises for inspection and repair, the plaintiff failed to raise a triable issue of fact as to whether the defendants violated a specific statutory safety provision (*see O'Connell v L.B. Realty Co.*, 50 AD3d 752, 753 [2008]; *cf. Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30583(U).]**