■ DENNIS PANICO, Appellant, v JIFFY LUBE INTERNATIONAL, INC., Defendant, and REAL ESTATE OIL CHANGE LIMITED PARTNERSHIP et al., Respondents. [926 NYS2d 833]—

The defendants Real Estate Oil Change Limited Partnership, and Real Estate Oil Change, LLC (hereinafter together the defendants), established their prima facie entitlement to judgment as a matter of law by establishing that they were out-of-possession landlords who did not retain control over the premises and were not contractually obligated to maintain or repair the premises (*see McElroy v Bernstein,* 72 AD3d 757, 758 [2010]; *Kane v Port Auth. of N.Y. & N.J.,* 49 AD3d 503, 503-504 [2008]; *Shrenkel v New York State Dormitory Auth.,* 266 AD2d 369 [1999]). The defendants further established, prima facie, that they did not create the allegedly dangerous conditions that caused the plaintiff's injuries, nor lease the premises knowing that dangerous conditions existed on the premises (*see McElroy v Bernstein,* 72 AD3d at 758; *Lomedico v Cassillo,* 56 AD3d 1271, 1271 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, upon reargument, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Eng, Chambers and Miller, JJ., concur.