■ YOUSEF CHALOUH, as Father and Natural Guardian of MOSHE CHALOUH, an Infant, Appellant, v LATI, LLC, Respondent, et al., Defendant. [39 NYS3d 827]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated July 7, 2014, which granted the motion of the defendant Lati, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff's child (hereinafter the child) allegedly was injured when he was struck by a falling piece of wood that had detached from a sukkah erected on the balcony of an apartment occupied by the defendant Salim Alfieh. A sukkah is a temporary structure which is erected at the time of the Jewish Succoth holiday for the purpose of eating meals therein. Alfieh's apartment was located on the second floor of a two-family building owned by the defendant Lati, LLC (hereinafter the landlord). The plaintiffs commenced this action against Alfieh and the landlord. Thereafter, the Supreme Court granted the landlord's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

"An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852, 852 [2014]; *see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]; *see also Euvino v Loconti*, 67 AD3d 629, 631 [2009]; *Valenti v 400 Carlls Path Realty Corp.*, 52 AD3d 696 [2008]; *Lindquist v C & C Landscape Contrs., Inc.*, 38 AD3d 616 [2007]). Here, the out-of-possession landlord retained the right to enter the premises to make repairs. However, the landlord established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not contractually or statutorily obligated to repair or maintain the temporary structure erected on the second-floor balcony by Alfieh, and that it had not otherwise assumed any such duty (*see Yadegar v International Food Mkt.*, 37 AD3d 595, 596 [2007]; *Seney v Kee Assoc.*, 15 AD3d 383, 384 [2005]; *Berado v City of Mount Vernon*, 262 AD2d 513, 514 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see O'Connell v L.B. Realty Co.*, 50 AD3d 752 [2008]; *Ahmad v City of New York*, 298 AD2d 473, 474 [2002]; *Kilimnik v Mirage Rest.*, 223 AD2d 530, 531 [1996]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted the landlord's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.