Nicotra v Giunta's Meat Farms, Inc. (2023 NY Slip Op 01095)

Nicotra v Giunta's Meat Farms, Inc.

2023 NY Slip Op 01095

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-02309
 (Index No. 621786/17)

[*1]Giuseppa Nicotra, appellant, 
v
Giunta's Meat Farms, Inc., respondent.

The Lambrou Law Firm P.C. (Hogan & Cassell, LLP, Jericho, NY [Michael D. Cassell], of counsel), for appellant.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Eileen M. Baumgartner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 23, 2021. The order, insofar as appealed from, granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross-motion for summary judgment dismissing the complaint is denied.
On October 8, 2017, the plaintiff allegedly was injured when she tripped and fell on a floor mat located in a supermarket owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries alleging, inter alia, that the defendant failed to maintain the premises in a reasonably safe condition.
The plaintiff moved, inter alia, for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated March 23, 2021, the Supreme Court denied the plaintiff's motion and granted the defendant's cross- motion. The plaintiff appeals from so much of the order as granted the defendant's cross-motion.
Viewing the evidence in the light most favorable to the plaintiff on the defendant's cross-motion (see Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1005), the defendant failed to demonstrate that the mat at issue did not amount to a dangerous condition at the time of the accident and failed to further demonstrate that it did not have notice of the alleged dangerous condition of the mat (see Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966, 967). The defendant also failed to establish, prima facie, that the alleged defect was trivial as a matter of law and therefore not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-79). Indeed, the evidence submitted in support of the cross-motion, which included, among other things, surveillance video footage of the accident, was inconclusive as to whether the alleged defect concerning the mat was trivial and not actionable (see id. at 77-78), and the issue of whether a dangerous or defective condition exists is properly a question of fact for the jury under the circumstances of this case (see Leem v 152-24 N., LLC, 201 AD3d 917, 918). Similarly, the [*2]evidence submitted by the defendant in support its cross-motion failed to establish, prima facie, that the condition complained of was open and obvious and not inherently dangerous (see Cram v Keller, 166 AD3d 846, 848; Russo v Home Goods, Inc., 119 AD3d 924, 926).
Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint, its cross-motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court