Oruc v Zelik (2023 NY Slip Op 02527)

Oruc v Zelik

2023 NY Slip Op 02527

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-03806
 (Index No. 716885/18)

[*1]Ali Oruc, respondent, 
v
Joseph Zelik, defendant, Pilar , Inc., etc., appellant.

Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Michele Rosenblatt of counsel), for appellant.
Shulman & Hill, PLLC, New York, NY (Ari R. Lieberman of counsel), for respondent.
Kevin P. Westerman, Garden City, NY, for defendant Joseph Zelik.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Pilar V, Inc., appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered May 10, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant Pilar V, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2018, the plaintiff commenced this action against the defendant Pilar V, Inc. (hereinafter the defendant), and another defendant to recover damages for personal injuries he alleged he sustained in September 2017 when he tripped and fell on an erect cellar door on a sidewalk abutting the defendant's restaurant. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered May 10, 2021, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
A possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154 [alterations and internal quotation marks omitted]; see Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Katz v Westchester County Healthcare Corp., 82 AD3d at 713).
Here, given the totality of the circumstances at the time the plaintiff is alleged to have tripped—9:30 p.m., with a number of people gathered on the sidewalk—the defendant failed to [*2]establish, prima facie, that the condition of the cellar door was open and obvious and not inherently dangerous (see Rosenman v Siwiec, 196 AD3d 523, 525; Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811-812). The defendant also failed to establish, prima facie, that the plaintiff's alleged negligence in failing to see the erect cellar door and walking into it constituted a superseding event which severed any causal nexus between the defendant's alleged negligence in maintaining the cellar door and the plaintiff's injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308; Harris v 11 W. 42 Realty Invs., LLC, 98 AD3d 1084, 1085). Since the defendant failed to meet its burden as the movant, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers.
The parties' remaining contentions are without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court