Bilancione v Garden Homes Mgt. Corp. (2024 NY Slip Op 03157)

Bilancione v Garden Homes Mgt. Corp.

2024 NY Slip Op 03157

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-09098
 (Index No. 4261/16)

[*1]Melanie Bilancione, respondent, 
v
Garden Homes Management Corp., appellant, et al., defendant.

Strikowsky Drachman & Shapiro, New York, NY (Sim R. Shapiro of counsel), for appellant.
Sobo & Sobo, LLP, Middletown, NY (Mark Cambareri of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Garden Homes Management Corp. appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated November 4, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In July 2013, the plaintiff allegedly was injured when she tripped and fell on a gap in a walkway adjacent to a strip mall owned by the defendant Garden Homes Management Corp. (hereinafter the defendant). The plaintiff commenced this action against the defendant and another defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 4, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
A property owner has a duty to maintain his or her property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241). However, a property owner has no duty to protect or warn against a condition that is both open and obvious and not inherently dangerous (see Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713) or trivial in nature. A defendant seeking summary judgment dismissing a cause of action on the ground that an alleged defect is "trivial" in nature must make a prima facie showing "'that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses'" (Balbo v Greenfield's Mkt. of Bethpage, LLC, 216 AD3d 1130, 1131, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). Additionally, a defendant is considered to have constructive notice of a dangerous condition when it is "visible and apparent, and [has] existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover the condition and remedy it" (Morlan v Atlantic Westerly Co., 214 AD3d 787, 788).
Here, the defendant failed to demonstrate, prima facie, that the alleged condition was not inherently dangerous, that the alleged condition was trivial (see Nicotra v Giunta's Meat Farms, Inc., 214 AD3d 665), or that it lacked actual or constructive notice of the alleged condition (see [*2]Morlan v Atlantic Westerly Co., 214 AD3d at 788). The defendant therefore failed to shift the burden to the plaintiff to raise a triable issue of fact. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court