Mejia v 2959 Fulton St. Realty, Inc. (2025 NY Slip Op 04470)

Mejia v 2959 Fulton St. Realty, Inc.

2025 NY Slip Op 04470

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-03689
 (Index No. 516444/17)

[*1]Severino Mejia, respondent, 
v
2959 Fulton Street Realty, Inc., et al., appellants, et al., defendant.

Hoffman Roth & Matlin, LLP, New York, NY (John T. Hague of counsel), for appellants.
Cherny & Podolsky, PLLC, Brooklyn, NY (Biana L. Mashevich of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 2959 Fulton Street Realty, Inc., and La Familia Grocery, Inc., appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated January 18, 2024. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross-motion for summary judgment on the issue of liability against those defendants.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants 2959 Fulton Street Realty, Inc., and La Familia Grocery, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendant 2959 Fulton Street Realty, Inc., and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendant 2959 Fulton Street Realty, Inc., and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he tripped, slipped, and fell inside of a bodega owned by the defendant La Familia Grocery, Inc. (hereinafter La Familia), which leased the premises from the defendant 2959 Fulton Street Realty, Inc. (hereinafter Fulton Street and, together with La Familia, the defendants). The plaintiff alleged that the defendants were negligent in, inter alia, failing to maintain the premises in a reasonably safe condition. At his examination before trial, the plaintiff testified that he had finished a cup of coffee inside the bodega and was walking toward the exit when he tripped on a raised piece of cardboard located on the floor, and as he tried to grab onto something to avoid falling, the cardboard slipped and he fell to the floor. He further testified that upon entering the bodega, he had traversed the same area where he fell, and had not noticed the cardboard. An employee of La Familia testified at his examination before trial that it had snowed earlier that day; that flattened pieces of cardboard had been placed on the floor as floor mats; and that when a piece of cardboard became too wet, he or another employee would remove it and replace it with another piece of cardboard.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability against the defendants. In an order dated January 18, 2024, the Supreme Court denied the defendants' motion and granted the plaintiff's cross-motion. The defendants appeal.
"Owners and parties in possession of a property are under a duty to maintain their property in a reasonably safe condition in view of the existing circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Smith v Dutchess Motor Lodge, 213 AD3d 881, 882; see Cupo v Karfunkel, 1 AD3d 48, 51). "[A]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Kavenaght v 498 Seventh, LLC, 231 AD3d 720, 721 [internal quotation marks omitted]; see Sparozic v Bovis Lend Lease LMB, Inc., 50 AD3d 1121, 1122). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Fulton Street by demonstrating that it was an out-of-possession landlord and was not obligated to repair or maintain the premises (see Kavenaght v 498 Seventh, LLC, 231 AD3d at 721; Sparozic v Bovis Lend Lease LMB, Inc., 50 AD3d at 1122; Hepburn v Getty Petroleum Corp., 258 AD2d 504, 505).
Contrary to the plaintiff's contention, his submissions in opposition to the defendants' motion and in support of his cross-motion failed to establish that Fulton Street was an out-of-possession landlord with a duty to maintain or repair the premises. "Reservation of the right to enter the premises for purposes of inspection and repair may constitute sufficient retention of control to permit a finding that the landlord had constructive notice of a defective condition provided a specific statutory violation exists and there is a significant structural or design defect" (Hepburn v Getty Petroleum Corp., 258 AD2d at 505 [internal quotation marks omitted]; see Eckers v Suede, 294 AD2d 533, 533). Here, the plaintiff failed to show that the alleged defect was a significant structural or design defect in violation of a specific statutory provision (see Kavenaght v 498 Seventh, LLC, 231 AD3d at 721; Sparozic v Bovis Lend Lease LMB, Inc., 50 AD3d at 1122; Eckers v Suede, 294 AD2d at 533; Hepburn v Getty Petroleum Corp., 258 AD2d at 505). Moreover, contrary to the plaintiff's contention, there is no evidence that Fulton Street's principal was involved in the daily operations of the bodega so as to demonstrate Fulton Street's control over the premises (see Hepburn v Getty Petroleum Corp., 258 AD2d at 505). Furthermore, the plaintiff's contention that Fulton Street violated Administrative Code of the City of New York § 28-301.1 was not set forth in his complaint or bill of particulars, and was improperly raised for the first time in his reply papers to his cross-motion (see Barger v Only Props., LLC, 193 AD3d 1027, 1029; Fox v Patriot Saloon, 166 AD3d 950, 951). In any event, Administrative Code § 28-301.1 is insufficient to impose liability upon an out-of-possession landlord, "since it merely imposed a general duty, as opposed to a specific duty, upon landowners to maintain their premises" (Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; see Yuying Qiu v J & J Grocery & Deli Corp., 115 AD3d 627, 627-628). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Fulton Street and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against Fulton Street.
While a possessor of real property has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241), it has no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48). "Thus, to obtain summary judgment" on this ground, "a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous" (Baran v Port Auth. of N.Y. & N.J., 196 AD3d 674, 675 [internal quotation marks omitted]; see McLachlan v R & S, Inc., 52 AD3d 662, 662). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154 [alteration and internal quotation marks omitted]; see Oruc v Zelik, 216 AD3d 804, 805; [*2]Pirreca v Smithtown Cent. Sch. Dist., 208 AD3d 526, 527). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Oruc v Zelik, 216 AD3d at 805 [internal quotation marks omitted]; see Pirreca v Smithtown Cent. Sch. Dist., 208 AD3d at 527).
Here, viewing the evidence submitted in support of the defendants' motion in the light most favorable to the plaintiff (see Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634), the defendants failed to establish, prima facie, that the alleged defect was an open and obvious condition that was not inherently dangerous (see Hoffman v Dean C Ltd Partnership, 229 AD3d 452, 453; Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751, 752). Moreover, the evidence submitted by the defendants was insufficient to show that the alleged defect over which the plaintiff tripped "was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed" (Abreu v Pursuit Realty Group, LLC, 232 AD3d 751, 753; see Nicotra v Giunta's Meat Farms, Inc., 214 AD3d 665, 666; Elentuck v New York City Tr. Auth., 188 AD3d 825, 827; Hoppe v Imperial Towers Assoc., 181 AD3d 659, 660). Since the defendants failed to establish La Familia's entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against La Familia, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against La Familia. The plaintiff demonstrated, prima facie, that La Familia breached its duty to maintain the premises in a reasonably safe condition and that La Familia's negligence was a proximate cause of his injuries (see Basso v Miller, 40 NY2d at 241; Cuminale v 160-55 Crossbay Blvd., LLC, 229 AD3d 682, 683). In opposition, the defendants failed to raise a triable issue of fact (see Pastore v Town of Harrison, 57 AD3d 636, 636).
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court